# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 15, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CHELSIE DECKER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-853V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal |
| AND HUMAN SERVICES, | * | Decision; Influenza ("Flu"); |
| | * | Guillain-Barré Syndrome ("GBS"); |
| Respondent. | * | Viral Myositis. |
| * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ENTITLEMENT[1]

On June 23, 2017, Chelsie Decker ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccine received on October 13, 2016, she developed Guillain-Barré Syndrome ("GBS"), with residual injuries and/ or complications lasting for more than six months.

On January 3, 2019, petitioner filed a motion for a decision dismissing her claim. Petitioner's Motion (ECF No. 35). The motion provides that an investigation of the facts and science supporting the petition has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. *Id.* at ¶ 1. The motion further provides that petitioner understands that a decision by the special master dismissing her petition will result in a judgment against her, and that such a judgment will end all of her rights in the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Vaccine Program.  *Id.* at ¶ 2.  Petitioner intends to protect her rights to file a civil action in the future.  Therefore, pursuant to Section 21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to file a civil action.  *Id.* at 5.

To receive compensation in the Vaccine Program, petitioner must prove either: (1) that she suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table, or (2) that she suffered an injury that was caused-in-fact by a covered vaccine.  §§ 13(a)(1)(A); 11(c)(1).  An examination of the record does not support a finding that petitioner suffered a "Table injury."  While the Vaccine Injury Table does list flu vaccine and GBS within the approximate time period alleged here, it is not clear that petitioner did indeed experience GBS.  Respondent disputes that diagnosis.  *See* Rule 4(c) Report (ECF No. 22) at 11 – 14.  I agree that petitioner needs to retain an expert to either support the diagnosis of GBS or establish that the flu vaccine was the cause-in-fact of her alternative diagnosis of viral myositis with rhabdomyolysis.  *See* Scheduling Order entered on April 13, 2018 (ECF No. 25); Scheduling Order entered on October 17, 2018 (ECF No. 31).  However, petitioner has not found an expert able to provide a supportive opinion.

Under the Vaccine Act, the Vaccine Program may not award compensation solely based on a petitioner's own claims.  Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician.  § 13(a)(1).  In this case, the medical records do not establish either a "Table Injury" or an "off-Table" injury which was caused-in-fact by the vaccine.  Furthermore, petitioner has not submitted an expert report in support of her claim.  Petitioner has not met her burden of proof. Therefore, her claim cannot succeed and it must be dismissed.  § 11(c)(1)(A).

**Thus, petitioner's motion is GRANTED.  This matter is DISMISSED for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master